(71 App. Div. 561.)

### JOHANSON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

ATTORNEY'S LIEN—RELEASE OF JOINT TORT FEASORS—CONTINUANCE OF ACTION.
  Where a railroad company constructed, and a city allowed to exist, an obstruction in a street, by which plaintiff was injured, and plaintiff's attorneys, after settlement by her, released the railroad company from all claims on account thereof, the release of one joint tort feasor released all, and the attorneys cannot continue the action against the city for the benefit of their lien.

Appeal from special term, New York county.

Action by Amanda Johanson against the city of New York. From an order purporting to continue the action for the benefit of plaintiff's attorney, defendant appealed. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

T. Connoly, for appellant.
Edward M. Bliven, for respondent.

VAN BRUNT, P. J. The complaint in this action claims to recover damages for personal injuries sustained by the plaintiff by tripping over a street-car rail laid in Fourteenth street, in the city of New York, which had been permitted by the city to remain at a dangerous height above the surface of the street. On the 7th of December, 1898, the plaintiff brought suit against the Central Cross

Town Railroad Company to recover for the damages sustained, and subsequently this action was brought to recover damages for the same injuries. When the action against the Central Cross Town Railroad Company was about approaching trial, a settlement was made between the company and the plaintiff therein, Amanda Johanson, by which the company paid to the husband of the plaintiff $250, and an additional $250 to the plaintiff. This settlement was made without the knowledge of the plaintiff's attorneys. Before either suit had been brought, the plaintiff made a contract with Peter Flint, one of her attorneys in this action, agreeing to pay him for his services in prosecuting the suits to judgment, by himself or by associate counsel, one-half the recovery and costs. Upon demand of the said attorneys the defendant railroad company, after its settlement with the plaintiff, paid the plaintiff's attorneys the costs of that action, and $125, which was stated to be paid on account of their lien; taking a release from the plaintiff's attorneys, in which the latter attempted to reserve all rights to proceed for the balance of the lien as against the city. The supplemental answer served in this action sets up the above release by the plaintiff to the railroad company as a bar to this action. The plaintiff's attorneys thereupon made a motion to have the settlement between the plaintiff and the defendant railroad company adjudged void as to them, on the ground that it was fraudulent as to them, and to have this action continued for the benefit of the lien. This motion was granted, and in the order thereupon entered many of the issues presented in the action were determined against the defendant. From such order the present appeal is taken.

It will not be necessary to comment upon the agreement made between the plaintiff's attorneys and the plaintiff in regard to her share of the recovery. It seems to us that it might well be held that an agreement by which an attorney was to receive one-half of the recovery was an unconscionable one, and would not be enforced by the courts. But it is not necessary to place our determination as to this appeal upon that question. It appears that the Central Cross Town Railroad Company and the defendant in this action were joint tort feasors. The company constructed, and the city allowed to exist, the obstruction complained of. The attorneys have released the railroad company, one of the joint tort feasors, from all claims and demands on account thereof. It is too familiar a principle of law to need citation of authority that the release of one joint tort feasor releases all.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.